■ In the Matter of RICHARD S. COLLINS, Respondent-Appellant, v DANIEL W. JOY, as Commissioner of Department of Rent and Housing Maintenance, Appellant-Respondent, and MARY STAIKOPOULOS, Respondent. — Order and judgment (one paper) of the Supreme Court, New York County (Katz, J.), entered January 26, 1981, which granted the petition to the extent of remanding the matter to respondent Joy for further proceedings, reversed, on the law, without costs, the petition dismissed and the determination of the Rent Commissioner denying a certificate of eviction confirmed. Petitioner, who is an attorney, his wife and child resided in a four-room apartment in Brooklyn. Finding their living quarters too cramped for their needs, petitioner purchased a four-story brownstone containing five dwelling units located at 50 Livingston Street, Brooklyn. At the time of the purchase, the basement and first-floor apartments, which consisted of four and one-half rooms, were vacant. However, neither petitioner nor his family moved into the vacant apartments. These apartments were rented to two friends of petitioner's wife some two days after the transfer of the building to petitioner. The tenancies were month-to-month tenancies with an agreement by each of the tenants that she would remove from the premises upon request. On March 28, 1979, 13 days after the transfer of title to petitioner and 11 days after the renting of the two vacant apartments, petitioner applied for a certificate of eviction for the third-floor apartment, which was rent controlled, stating that he wished to combine it with the two vacant apartments to create a triplex for use by his family unit. At the time of the application petitioner had not yet filed the architect's plans for the conversion of the three floors into a triplex apartment. By consequence, the district director found that the application was not made in good faith and

denied it. Petitioner protested the directors' determination. The Rent Commissioner concurred in the district director's holding but for different reasons. He held that in light of the two vacancies which existed when petitioner became the owner of the house there was no "immediate and compelling necessity" to take possession of still another apartment. Special Term found that the Rent Commissioner, in applying the immediate and compelling necessity test, had applied a standard more stringent than that required by law; that the proper norm of proof was good faith. It remanded the matter to the Rent Commissioner for determination on that basis and the Rent Commissioner appeals. In the circumstances of this case, we hold that Special Term erred in holding that the immediate and compelling necessity test was not applicable. Section Y51-6.0 (subd b, par [1]) of the New York City Administrative Code, which here controls, provides, in substance, that where a landlord seeks in good faith to recover possession of property for his own use or the use of his immediate family, he must show immediate and compelling necessity. To this general rule there is an exception; where the building involved contains 12 or less housing accommodations and *the landlord does not reside in the building,* immediate and compelling necessity need not be shown. Section 55 of the Rent and Eviction Regulations of the City of New York tracks the statutory provision. When petitioner took title to the premises, there were two vacant apartments. These two vacancies could readily have been combined and would have provided tolerable and adequate living space to petitioner's family even if it did not meet with petitioner's standard of desirability. Petitioner candidly admits that had he then done so, he would have been a landlord in possession and, in order to obtain a certificate of eviction, would have had to meet the immediate and compelling necessity test. The means sought to be employed to avoid that test may have been ingenious. However, that does not entitle it to the imprimatur of this court. The letting to the friends of the wife of the petitioner was such that it was, in substance, occupation by petitioner. To open so wide a hole in the rent control law as that contended for by petitioner, is to grant a landlord of premises containing 12 or less housing accommodations an exemption from the strictures of the law which was not contemplated when the law was enacted. It should not be granted judicial sanction. Concur — Birns, Sullivan, Lupiano and Bloom, JJ. Kupferman, J. P., dissents and would affirm.